UNITED STATES DISTRICT COURT          O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| KEVIN LEGGET, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-07-63 |
| | § | |
| PSS WORLD MEDICAL, INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court are several motions filed by Plaintiff and Defendant, including:

Plaintiff's Motion for Appointment of Counsel, [Dkt. No. 80], Plaintiff's Application to Proceed

*In Forma Pauperis*, [Dkt. No. 81]; Defendant's Motion for Summary Judgment, [Dkt. No. 69];

Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 41(b), [Dkt. No. 66];

Plaintiff's Motion for an Extension of Time to Respond to Defendant's Amended Answer  [Dkt.

No. 79]; and, finally, Plaintiff's Motion for Leave to Amend Complaint.  [Dkt. No. 87].  After

duly considering the motions, the responses, and the applicable law, the Court has determined as

set forth below.

## I.     BACKGROUND AND PROCEDURAL HISTORY

This case involves a products liability suit.  Plaintiff Kevin Legget is an individual who

resided in Zapata, Texas, and is now incarcerated in Petersburg, Virginia.  [Dkt. No. 1, Exhibit

2.].  Defendant PSS World Medical, Inc. is incorporated in the State of Delaware with its

principal place of business in Jacksonville, Florida.  [Dkt. No. 1 ¶ 5].  Plaintiff alleges that on

March 12, 2005, he was issued a set of crutches designed and manufactured by Defendant, and

that, while using one of the crutches, the crutch broke into two pieces and caused him various

injuries.  [Dkt. No. 1, Exhibit 2, ¶ 7].  Thereafter, Plaintiff filed suit in the 49th Judicial District

Court of Zapata County, Texas.  [Dkt. No. 1, Exhibit 2].  In his original complaint, Plaintiff

asserted various causes of action against Defendant, including negligent manufacture, negligent

design, strict liability, breach of express and implied warranties of merchantability and fitness for

intended purpose.  [Dkt. No. 1, Exhibit 2].

On May 24, 2007, Defendant removed the case to this Court alleging diversity

jurisdiction, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).  [Dkt. No. 1].  On October 30, 2007,

Defendant filed an Unopposed Motion for Leave to Designate Suburban Physicians Center ("the

Physicians Center") as a responsible third party under Texas Civil Practice and Remedies Code §

33.004.[1]  [Dkt. No. 24].  Defendant's motion was subsequently granted by the Magistrate Court.

[Dkt. No. 27].  On December 21, 2007, Plaintiff's attorney was permitted to withdraw due to his

inability to communicate with Plaintiff as a result of Plaintiff's incarceration.[2]  [Dkt. No. 33].

Plaintiff was thus left without representation in the case.  Plaintiff subsequently filed his first

Motion for Appointment of Counsel, [Dkt. No. 46], in addition to his first Motion to Proceed *In

Forma Pauperis*.  [Dkt. No. 45].  Plaintiff also filed a pleading entitled "Petition for an Order

Directing [Plaintiff's former attorney] to Relinquish [Plaintiff's] Civil File."  [Dkt. No. 44].

During a subsequent status conference, Plaintiff advised the Magistrate Court that his

former counsel's secretary would be sending him his case file.  [Minute Entry of 5/8/2008].

Plaintiff also indicated that he wished to proceed as a *pro se* litigant.  [*Id*.].  Thereafter, the

Magistrate Court denied Plaintiff's motion to proceed *in forma pauperis* without prejudice

---

[1] Section 33.004 provides, in relevant part:
> (a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party.
> . . .
> (f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.
> . . .

[2] During the pendency of this lawsuit Plaintiff was convicted of transporting undocumented aliens in Case No. 5:07-cr-312 and sentenced to a 45 month term of imprisonment.

because Plaintiff failed to comply with the statutory filing requirements under 28 U.S.C. § 1915.[3] [Dkt. No. 58].   The Magistrate Court thus also struck Plaintiff's Motion for Appointment of Counsel.   [*Id*.]. Despite Plaintiff's failure, the Magistrate Court permitted him to re-file his application with the requisite affidavit and prisoner trust fund account statement by June 24, 2008.   [*Id*.].   Plaintiff failed to re-file his motion for appointment of counsel and his motion to proceed *in forma pauperis* with all necessary documentation by this deadline.   Instead, nearly six months later, in December of 2008, Plaintiff filed another Motion for Appointment of Counsel, arguing that he requires counsel to locate an expert and that the facility where he is incarcerated does not allow him to search for an attorney who would take his case on contingency.   [Dkt. No. 80].   Plaintiff also filed an Application to Proceed *In Forma Pauperis*.   [Dkt. No. 81]. Thereafter, Defendant filed a response in opposition to Plaintiff's Motion for Counsel.   [Dkt. No. 83].

On May 22, 2008, Plaintiff filed a Motion to Modify the Scheduling Order.   [Dkt. No. 50].   In support of this motion, Plaintiff indicated that since the status conference, his former counsel had sent him only "some of the civil case file."   [*Id*.].   Plaintiff also stated that his former counsel "did not furnish [him] with a copy of the pleadings[.]"   [*Id*.].   Nevertheless, Plaintiff stated that he would "attempt to make good on the portions of the file" that his counsel had sent him.   [*Id*.].   Finding good cause to extend the deadlines, the Magistrate Court granted Plaintiff's motion and filed the first Amended Scheduling Order.   [Dkt. No. 61].   Under this new scheduling

---

[3] Section 1915 provides, in relevant part, that a court may authorize the prosecution of a civil suit "without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefore."   28 U.S.C. § 1915(a)(1).   In addition to this affidavit, section 1915 requires that a prisoner "submit a certified copy of the trust fund account (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prison is or was confined."   28 U.S.C. § 1915(2).

order, discovery was due by September 2, 2008 and amended pleadings were due by October 2, 2008.  [*Id*.].

On October 16, 2008, Defendant filed the pending Motion for Summary Judgment, arguing, first, that Texas law barred Plaintiff's claim against Defendant, and, second, that Plaintiff has provided no evidence that the crutch had a defect.  [Dkt. No. 69].  Shortly thereafter, Defendant filed his first Motion for Extension of Time to Respond to Defendant's First Amended Answer.  [Dkt. No. 70].  Before the Court ruled on this motion, Plaintiff also filed a pleading entitled "Plaintiff's Oppotision (sic) to Defendant's First Amended Answer, Affirmative Defenses, and Admissions & Denials."  [Dkt. No. 71].   In this pleading, Plaintiff made a second request for additional time: "[I]f Defendant's pleading is treated as a motion pursuant to Rule 56 [. . .] Plaintiff requests that all parties be given reasonable notice and an opportunity to present all material made pertinent to such a motion."  [*Id*., p. 3].  Noting that Plaintiff did not need to respond to Defendant's Amended Answer, and because the only pending matter in need of a response was the motion for summary judgment, the Court construed Plaintiff's motion as a Motion for an Extension of Time to Respond to Defendant's Motion for Summary Judgment and granted this motion.  [Dkt. No. 72].  Nevertheless, despite the extension offered to him, Plaintiff failed to provide a response to Defendant's motion for summary judgment.

On November 14, 2008, the Court struck Defendant's first Amended Answer, [Dkt. No. 68], because defense counsel failed to comply with the Federal Rules of Civil Procedure, as well as the Local Rules for the Southern District of Texas.  [Dkt. No. 73].  Thereafter, Defendant filed a second Amended Answer which, in comparison to the first Amended Answer, alleged that Plaintiff bought the crutch at issue from the Physicians Center.  [Dkt. No. 75].  Defendant also alleged that the Physicians Center, a designated responsible third party, was "negligent in selling

crutches that did not have any matching serial number and that may have been used[,]" and that

the Physicians Center "had the duty, if any, to warn and instruct Plaintiff concerning use of the

crutches."  [*Id*. ¶ 22].  Furthermore, Defendant asserted that the alleged incident and resulting

damages to Plaintiff were caused by the actions and omissions of the Physicians Center.  [*Id*. ¶

23].  Thereafter, Plaintiff filed a Motion for Extension of Time to Respond to Defendant's

Second Amended Answer.  [Dkt. No. 79].  In support of this motion, Plaintiff alleges that he

never received a copy of Defendant's Motion to Designate the Physicians Center as a responsible

third party, or the order granting this motion.[4]  [Dkt. No. 85].  Defendant has filed a Response in

Opposition to Plaintiff's Motion for Extension of Time.  [Dkt. No. 82].  Plaintiff subsequently

filed a Motion for Leave to Amend Complaint.  [Dkt. No. 87].

Accordingly, the Court now turns to address Plaintiff's Application to Proceed *In Forma*

*Pauperis*, [Dkt. No. 81], Plaintiff's Motion for Appointment of Counsel, [Dkt. No. 80],

Defendant's Motion for Summary Judgment, [Dkt. No. 69], Plaintiff's Motion for an Extension

of Time to Respond to Defendant's Amended Answer, [Dkt. No. 79], as well as Plaintiff's

Motion for Leave to Amend Complaint.  [Dkt. No. 87].

## II.    DISCUSSION

### A.    Effect of Plaintiff's *Pro Se* Status on the Court's Interpretation of His Pleadings

A *pro se* litigant's allegations and legal arguments are to be liberally construed.  *See SEC*

*v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993); *Amin. v. Universal Life Ins. Co.*, 706 F.2d 638,

641 n.1 (5th Cir. 1983).  Notwithstanding this liberal construction, *pro se* litigants must comply

with statutory obligations and abide by the rules of this Court.  *See, e.g., Castro Romero v.*

*Becken*, 256 F.3d 349, 354 n.2 (5th Cir. 2001) (applying appellate rule of procedure regarding

---

[4] The motion was filed and granted while Plaintiff was still represented by counsel.

waiver of arguments to *pro se* appellant's brief); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

**B.      Whether Plaintiff has Satisfied the Requirements to Proceed *In Forma Pauperis***

On December 16, 2008, Plaintiff filed an Application to Proceed *In Forma Pauperis*, [Dkt. No. 81], as well as a Motion for Appointment of Counsel.  [Dkt. No. 80].  In response, Defendant asserts that Plaintiff has failed to file these motions within the pertinent deadline and has also failed to comply with the relevant statutory requirements.  [Dkt. No. 83].  Under 28 U.S.C. § 1915(a)(1), a prisoner seeking to proceed in a civil case *in forma pauperis* must submit an affidavit that includes a statement of all assets possessed by the prisoner.  The affidavit must also state the following:  that the person is unable to pay such fees or provide security; the nature of the action, defense or appeal; and the affiant's belief that he is entitled to redress.  28 U.S.C. § 1915(a)(1).  Moreover, the applicant is required to file a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison where the prisoner was confined.  *Id*. at § 1915(a)(2).

Here, Plaintiff has now twice failed to comply with the filing requirements of section 1915.   On June 10, 2008, the Magistrate Court denied, without prejudice, Plaintiff's first Application to Proceed *In Forma Pauperis*.  [Dkt. No. 58].  The application was denied, first, because Plaintiff's information contained in his declaration of poverty was not verified under the penalties of perjury, and second, because he did not file a certified copy of the trust fund account statement.  [*Id*.].  The Magistrate Court thus also denied Plaintiff's Motion for Appointment of Counsel.  [*Id*.].  Nevertheless, Plaintiff was given the opportunity to re-file his application in compliance with the statutory requirements, so long as his did so by June 24, 2008.  [*Id*.].

Plaintiff did not submit the pending application to proceed *in forma pauperis*, nor an amended or second motion for appointment of counsel, until December 9, 2008, well more than five months after the deadline established by the Magistrate Court. [Dkt. Nos. 80 & 81]. Next, although Plaintiff filed an affidavit that includes a statement of all his alleged assets, he has failed again to provide a certified copy of the trust fund account statement. [Dkt. No. 80]. While Plaintiff attached a three-page document entitled "Inmate Inquiry" and a two-page document entitled "Inmate Statement" to his application, which seemingly purport to constitute the trust fund account statement, the documents are not certified. [*Id*.] In other words, the document has not been verified or authenticated by the appropriate official of the institution where Plaintiff has been confined, as required under section 1915(a)(1). While this Court construes Plaintiff's allegations and arguments liberally, *pro se* litigants must comply with statutory obligations and abide by the rules of this Court. *See, e.g., Castro Romero v. Becken*, 256 F.3d at 354 n.2; *United States v. Wilkes*, 20 F.3d at 653. In light of Plaintiff's failure to satisfy the requirements under section 1915(a)(1), in addition to the fact that he re-filed his application more than five months after the pertinent deadline, it is clear that Plaintiff has neither met his statutory obligation nor abided by the rules of this Court.

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* [Dkt. No. 81] is **DENIED** with prejudice for failure to file within the pertinent deadline and for failure to provide proper documentation. Furthermore, although the Court has discretion to appoint an attorney for an indigent plaintiff, Plaintiff has failed to properly establish his indigency. Nonetheless, even if Plaintiff's indigency was established, the Court denies the

request as it presents no exceptional circumstances.[5]  Accordingly, the Court **DENIES** Plaintiff's

Motion for Appointment of Counsel.  [Dkt. No. 80].

**C.      Whether Defendant has Established the Absence of a Material Fact Issue**

On October 16, 2008, Defendant filed a Motion for Summary Judgment, arguing first,

that it cannot be held liable under Texas law as a non-manufacturing seller of the crutch, and

second, that no evidence exists to show the existence of a defect.  [Dkt. No. 69].   Plaintiff failed

to respond to this motion.   Under Local Rule 7.4, "[f]ailure to respond will be taken as a

representation of no opposition."   Summary judgment cannot be granted, however, "simply

because there is no opposition, even if the failure to oppose violated a local rule."  *Hiberia Nat'l*

*Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

Indeed, that Plaintiff has failed to provide a response "is an insufficient basis for a grant of

summary judgment, since [Defendant] still must establish the absence of a genuine issue of

material fact before it can prevail on a summary judgment motion."  *Resolution Trust Corp. v.*

*Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995) (citing *Hibernia*, 776 F.2d at 1279 (5th Cir.

1985)).  Accordingly, the Court now turns to consider the merits of Defendant's motion.

**1.      Summary Judgment Standard**

Summary judgment is appropriate when the "pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c). A

genuine issue of material fact exists when the evidence is such that a reasonable jury could return

a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106

S.Ct. 2505, 91 L.Ed.2d 202 (1986). All facts and evidence must be taken in the light most

---

[5] The Court notes that this is a products liability case, not a § 1983 case.  In a § 1983 case, the Court is not required
to appoint counsel unless there are exceptional circumstances.  *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006) (citation omitted).  However, controversies of fact must be resolved in favor of the non-moving party only when "there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Accordingly, the Court will not, "*in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*"  *Id.* (emphasis in original) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990)).

The evidentiary standard for summary judgment motions is provided by Federal Rule of Civil Procedure 56(e). The rule states in part:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.

FED. R. CIV. P. 56(e)(1). The non-moving party is not required to show evidence in opposition to a motion for summary judgment until the moving party has demonstrated that there are no factual issues warranting trial.  *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993) (quoting *Russ v. International Paper Co.*, 943 F.2d 589, 592 (5th Cir. 1991)).  If the moving party satisfies this burden, however, the non-moving party then has a duty to respond with specific evidence showing that there is a genuine issue for trial.  *Lockett v. Wal-mart Stores, Inc.*, 337 F. Supp. 2d 887, 891 (E.D.Tex. 2004) (citing FED. R. CIV. P. 56(e)).  In responding to a properly supported motion for summary judgment, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this

rule—set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2).  If a party does not so respond, summary judgment should be entered.[6] *See id.*

### 2.    Manufacturing and Design Defect Standards

Pursuant to the Erie Doctrine, the Court applies Texas law to any substantive issues in a diversity suit. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Under the Texas law pertinent to this case, "a manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Walker v. Thomasson Lumber Co.*, 203 S.W.3d 470, 474 (Tex. App.--Houston 2006) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).  To establish a manufacturing defect, a plaintiff must show "that the product was defective when it left the hands of the manufacturer and that the defect was a producing cause of the plaintiff's injuries." *Ridgway*, 135 S.W.3d at 600 (citation omitted).  As for a design defect claim, Texas courts require that a plaintiff demonstrate "that the defendant could have provided a safer alternative design." *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 335 (Tex. 1998) (citing *Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 382 (Tex. 1995)).  If no safer alternative can be provided, however, the product is not unreasonably dangerous as a matter of law. *See id.*

### 3.    Standard Under Texas Civil Practice and Remedies Code § 82.003

Texas Civil Practice and Remedies Code section 82.003 affords non-manufacturing sellers with protection from product liability suits.  Under section 82.003, a non-manufacturing seller is not liable for injuries caused to the plaintiff by the product, unless the plaintiff shows

---

[6] As noted by the Fifth Circuit, a *pro se* plaintiff need not be afforded "additional notice of the potential consequences of a summary judgment motion and the right to submit opposing affidavits." *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).  Notice of the consequences and rights related to a summary judgment motion are sufficiently afforded by the Rules of Civil Procedure and the local rules. *Id.*

that the defendant is subject to one of seven explicit exceptions.[7]  TEX. CIV. PRAC. & REM. CODE § 82.003.

> **4.      Application**

Defendant argues that, as a non-manufacturing seller of the crutch at issue, it is entitled to summary judgment because the exceptions of section 82.003 do not apply.  Defendant has provided the Court with undisputed evidence that negates six of the seven exceptions under section 82.003.  More specifically, Defendant directs the Court to the sworn affidavit of Anthony Connor, II, who is employed at the Defendant's Houston Branch.  [Dkt. No. 69, Exhibit A].

Connor alleges that, as an "operations leaders" for Defendant, he was responsible for the sale of crutches at Defendant's Houston branch from 2004 to 2005.  [Dkt. No. 69, Exhibit A]. Defendant argues Connor's testimony is sufficient to show that there is no material fact issue as to whether Defendant is liable as a non-manufacturing seller.  [Dkt. No. 69 at p. 4].  Connor

---

[7]Texas Civil Practice & Remedies Code section 82.003(a) provides that: "a seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
>   (1) that the seller participated in the design of the product;
>   (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;
>   (3) that the seller installed the product, or had the product installed on another product and the claimant's harm resulted from the product's installation onto the assembled product;
>   (4) that:
>       (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;
>       (B) the warning or instruction was inadequate; and
>       (C) the claimant's harm resulted from the inadequacy of the warning or instruction;
>   (5) that:
>       (A) the seller made an express factual representation about an aspect of the product;
>       (B) the representation was incorrect;
>       (C) the claimant relied on the representation in obtaining or using the product; and
>       (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;
>   (6) that:
>       (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and
>       (B) the claimant's harm resulted from the defect; or
>   (7) that the manufacturer of the product is:
>       (A) insolvent; or
>       (B) not subject to the jurisdiction of the court."
>  TEX. CIV. PRAC. & REM. CODE § 82.003.

states, first, that Defendant did not participate in the manufacture or design of the crutch; second, that Defendant did not alter or modify the crutch; third, that Defendant did not install the crutch or have it installed on another product; fourth, that Defendant did not exercise control over the content of the warning or instruction that accompanied the crutch; fifth, that Defendant did not make a factual representation of the crutch that was incorrect; and finally, that Defendant did not know of any defect at the time it supplied the crutch. [Dkt. No. 69, Exhibit A at p. 2]. Connor also states that, when Defendant receives crutches, they are already wrapped in plastic as a pair and boxed and then distributed to physician offices or clinics without having the plastic wrap removed. [*Id*.]. In light of the facts stated in Connor's affidavit, it is clear that Defendant is a non-manufacturing distributor that does not fall within six of the seven exceptions under section 82.003. The facts provided by Connor's affidavit are not sufficient, however, to show the absence of a material issue of fact as to whether Defendant can be held liable under the seventh exception of section 82.003. *See Darley v. Daisy Mfg. Co.*, 566 F.Supp.2d 544, 546 (E.D. Tex. 2005) (granting summary judgment where the defendant retailer "adduced" evidence negating each of the pertinent exceptions in section 82.003 and the plaintiff failed to respond to the motion).

Defendant does not address whether the manufacturer of the crutch at issue is insolvent or not subject to this Court's jurisdiction. Under the seventh exception of section 82.003, a non-manufacturing seller may be held liable if the claimant proves that the manufacturer of the product is insolvent or not subject to the jurisdiction of the Court. TEX. CIV. PRAC. & REM. CODE § 82.003(a)(7). Connor's affidavit does not provide any evidence showing that the manufacturer of the crutch is not insolvent or subject to the jurisdiction of this Court. Moreover, Defendant fails to even address the issue in its Motion for Summary Judgment, asserting merely that

"[b]ecause there is no evidence and/or there is no competent evidence of any of the matters set forth in section 82.003[,]" Defendant is entitled to summary judgment. [Dkt. No. 69, p. 5]. This assertion is insufficient to show the absence of a material fact issue as to the seventh exception under section 82.003. Because Defendant has therefore failed to show that it is protected from liability under all exceptions set forth in section 82.003, the Court concludes that Defendant is not entitled to summary judgment on this basis.

Defendant further argues it is also entitled to summary judgment because there is no evidence that the crutch had a defect or that the defect caused Plaintiff's alleged injuries. [Dkt. No. 69 at p. 5]. In support of this argument, Defendant directs the Court to the affidavit of Juan Manuel Herrera, Ph.D. [Dkt. No. 69, Exhibit B]. In his affidavit, Herrera states that he examined the crutch at issue and made several determinations. [Dkt. No. 69, Exhibit B, p. 2]. Herrera states that he "conducted a stress analysis on the design of the crutch and found no design defect." [*Id*.]. Herrera also states that his determinations were "based on reasonable engineering certainty." [*Id*.]. Herrera also states that there were "no signs of fatigue failure" on the crutch, [*Id*.]; that "the fracture surfaces are consistent with an overload/abuse type failure," [*Id*.]; and that "the plastic deformation and scratches observed on the subject crutch are consistent with a bending type load." [*Id*.].

Although the affidavit is not comprehensive, it is sufficient to negate a fact issue as to design and manufacturing defect. The Court now turns, therefore, to determine whether Plaintiff has provided evidence showing the existence of a material issue of fact as to a defect.

Plaintiff has utterly failed to direct the Court to any evidence in response to Defendant's motion for summary judgment, even after having been given a second chance to respond by the Court. It is, of course, well established that "a plaintiff must respond to an adequate motion for

summary judgment with admissible evidence." *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir. 1991) (citation omitted). Where a non-moving party "has evidence which has not yet been reduced to admissible form but is germane to the existence of a genuine issue of material fact, then it is proper for the party opposing summary judgment to move for a continuance 'to permit affidavits to be obtained or depositions to be taken or discovery to be had[.]'" *Duplantis*, 948 F.2d at 191 (quoting FED. R. CIV. P. 56(f)). While a non-moving party is not required to depose her own witnesses, documents such as "answers to interrogatories, and admissions on file, together with affidavits," may suffice as proper summary judgment evidence. *Id*. at 192 (quoting FED. R. CIV. P. 56(c)).

In this case, Defendant filed the Motion for Summary Judgment on October 16, 2008, [Dkt. No. 69]; therefore, under Southern District of Texas Local Rule 7.3, Plaintiff's response was originally due November 5, 2008.[8] Thereafter, Plaintiff failed to file any response addressing Defendant's assertions on summary judgment whatsoever. Plaintiff originally filed his complaint on May 24, 2007, nearly one year and five months before his deadline to file a response to Defendant's motion for summary judgment. [Dkt. No. 1]. Plaintiff has since failed to direct this Court to an affidavit, or any other form of admissible evidence, to raise a fact issue of a product defect, much less that such a defect caused his alleged injuries.

At best, since filing his suit on May 24, 2007, Plaintiff filed his Designation of Experts on June 9, 2008. [Dkt. No. 57]. Along with this pleading, Plaintiff attached a letter sent from his designated expert to his former attorney; however, the letter was not sworn, nor was the letter attached to an affidavit by the expert stating that its contents were true under penalty of perjury. Plaintiff's designation of an expert, standing alone, is insufficient to create a fact issue. It

---

[8] Local Rule 7.3 states that "[o]pposed motions will be submitted to the judge twenty days from the filing without notice from the clerk and without appearance by counsel." Southern District of Texas Local Rule 7.3.

remains clear, therefore, that even if Defendant did not provide evidence negating the seventh exception under section 82.003, Plaintiff has failed to provide any evidence of a defect or that such defect caused his alleged injuries.

While courts apply a less stringent standard to a *pro se* litigant than to a litigant represented by counsel, a *pro se* litigant must still brief the issues and comply with Federal rules. *See Grand v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (dismissing *pro se* prisoner's appeal for failure to comply with the Federal Rules of Appellate Procedure.) (citing *Wilkes*, 20 F.3d at 653 (5th Cir. 1994)).  Because Plaintiff failed to raise a fact issue in response to Defendant's properly supported summary judgment motion, Defendant is entitled to judgment as a matter of law.

Accordingly, Defendant's Motion for Summary Judgment, [Dkt. No. 69], is **GRANTED** and Defendant's Motion to Dismiss pursuant to Rule 41(b), [Dkt. No. 66], is **DENIED** as moot, as is Plaintiff's Motion for an Extension of Time to Respond to Defendant's Answer [Dkt. No. 79].

## III.    CONCLUSION

For the reasons explained above, Plaintiff's Application to Proceed *In Forma Pauperis*, [Dkt. No. 81], and Plaintiff's corresponding Motion for Appointment of Counsel, [Dkt. No. 80], are **DENIED** with prejudice.  Next, Defendant's Motion for Summary Judgment, [Dkt. No. 69], is hereby **GRANTED** and Defendant's Motion to Dismiss Under Rule 41(b), [Dkt. No. 66], is therefore **DENIED as moot**.  Finally, Plaintiff's Motion for Extension of Time, [Dkt. No. 79], and Plaintiff's Motion for Leave to Amend Complaint, [Dkt. No. 87], are **DENIED as moot**.

IT IS SO ORDERED.

SIGNED this 2nd day of March, 2009 in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**